STATE OF MAINE                          BUSINESS AND CONSUMER DOCKET
Cumberland, SS                          LOCATION: Portland
                                        DOCKET NO. BCD-CV-19-15


JOSEPH A. LUSARDI, et al.,        )
                                 )
        Plaintiffs,              )
                                 )
    v.                           )      **ORDER DENYING MOTION TO**
                                 )      **DISQUALIFY COUNSEL**
JOHN MONTGOMERY, et al.,          )
                                 )
        Defendants.              )
                                 )


Plaintiffs commenced this action seeking a declaratory judgment against Defendants in connection with a consulting agreement. Plaintiffs are represented by attorney Lee Bals, Esq. and the law firm of Marcus Clegg.  Mr. Bals is a shareholder of Marcus Clegg.  Defendants answered and counterclaimed, and shortly thereafter filed a Motion to Disqualify Plaintiffs' Counsel. For the reasons discussed below, the Court denies Defendants' Motion to Disqualify.

## BACKGROUND

Between March 2, 2010  and April 29, 2010,  Defendant John Montgomery engaged the services of attorney Jennie Clegg, Esq. and the law firm of Marcus Clegg, to advise him on the creation of a nonprofit Maine corporation, and to create and file the documents necessary to form the nonprofit Maine corporation.[1]  Ms. Clegg is a shareholder of Marcus Clegg.  The corporation was duly created, and came to be known as Primary Organic Therapy, Inc., d/b/a Maine Organic Therapy ("MOT").  MOT is a plaintiff in the current action.

---

[1] It is unclear from the pleadings, but Mr. Montgomery might have initially consulted with Ms. Clegg in 2007 as well.

Ms. Clegg's limited scope of representation, and that of Marcus Clegg, is spelled out in the engagement letter Ms. Clegg sent to John Montgomery on March 2, 2010. The letter states in relevant part as follows: "In other words, after the Company is formed, MCM will not continue in my representation of you, personally, in connection with matters pertaining to the Company, unless and until a separate engagement is entered into by and between MCM and you, with the consent of other members of the Company." No such separate engagement was ever consummated.

Nine years later, Plaintiffs—including MOT—commenced the present action against Defendants—including John Montgomery. In response to receiving a courtesy copy of the Complaint, Mr. Montgomery's attorney threatened Mr. Bals and his firm with an ethics complaint: "Your firm's continued involvement with the pending declaratory relief action (or any other action) against Mr. Montgomery and/or Montgomery Enterprise, Inc. will result in both a request to the court to have your firm recused from the matter and a state bar ethics complaint against Marcus Clegg." Mr. Montgomery demanded that Mr. Bals dismiss the declaratory relief action "no later than 5:00pm (eastern) on Friday, January 25, 2019."

Mr. Montgomery followed up with the current Motion. Mr. Montgomery alleges that the current action is substantially similar to the prior engagement nine years earlier, that Marcus Clegg has an irresolvable conflict of interest, that the conflict of interest should be imputed to Mr. Bals and the firm as a whole, that Ms. Clegg will be a material witness, and that during the prior engagement in 2010 Ms. Clegg received confidential information which will now prejudice Mr. Montgomery in the current litigation.

2

**ANALYSIS**

Motions for disqualification are capable of being abused for tactical purposes. *Morin v. Me. Educ. Ass'n*, 2010 ME 36, ¶ 8, 993 A.2d 1097. To guard against such abuse, a motion to disqualify may only be granted where the moving party shows that (1) "continued representation of the nonmoving party by that party's chosen attorney results in an affirmative violation of an ethical rule" and (2) "continued representation by the attorney would result in actual prejudice to the party seeking that attorney's disqualification." *Morin*, 2010 ME 36, ¶¶ 9-10. Courts will not assume the existence of prejudice to the moving party just by the mere fact that an ethical violation was committed, even when that ethical violation involves confidential information. 2010 ME 36, ¶ 10. A mere general allegation that the attorney has some confidential and relevant information she gathered in the previous relationship will not support disqualification. *Id.* Rather, the moving party must articulate "the specific, identifiable harm [they] will suffer in the litigation by opposing counsel's continued representation." *Id.* "Indeed, to allow disqualification with proof of anything less than such actual prejudice would be to invite movants to employ this "obvious vehicle for abuse." *Id.*

Defendants' Motion to Disqualify in this case represents exactly the kind of motion the *Morin* factors are designed to screen out. First, the Motion was plainly asserted for tactical purposes. The explicit threat to file an ethics complaint against opposing counsel, coupled with the demand to dismiss the action by a time certain, are characteristic of abusive practice. Second, the current litigation and the prior limited representation do not appear to be *substantially* similar. *See* M.R. Prof. Conduct 1.9. Third, the claim of confidential information—without specifying how it would prejudice Defendants—is the type of vague,

3

abusive claim the *Morin* court disfavors. In this case, Defendants fail to offer any specific example of prejudice, instead citing only to an inapposite thirty year old federal case decided on very different facts, under a different standard of analysis, to support their claim of prejudice. For all these reasons, Defendants' Motion to Disqualify is DENIED.[2]

The Clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

SO ORDERED.


Date: May 3, 2019.                                    /s
                                          Michael A. Duddy
                                          Judge, Business & Consumer Court

---

[2] It may be that Defendants call Ms. Clegg as a material witness, but that does not necessarily prevent Mr. Bals from representing Plaintiffs in this action. *See* M.R. Prof. Conduct 3.7(3)(b).